**O** / Link to doc. # 25

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2118 PSG (SHx) | Date | October 11, 2011 |
|---|---|---|---|
| Title | *RPost Holdings, Inc. v. Trustifi Corp., et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING USPS's Motion to Dismiss

Before the Court is Defendant United State Postal Service's motion to dismiss. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to the motion, the Court GRANTS the motion.

I.  Background

Plaintiff RPost Holdings, Inc. ("Plaintiff") provides a managed email service that permits senders of emails to electronically sign, encrypt, contract, record, and diagnose message transmission metadata, prove the contents of an email message, and authenticate message metadata to reconstruct a validated original email message with all attachments. Plaintiff's proof of email delivery product is called "Registered Email®." (Compl. ¶ 1.) Plaintiff's complaint alleges violation of the Lanham Act, violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL"), and violation of California's Unfair Competition Law, Cal. Bus. & Prof. § 17200 *et seq.* ("UCL") by Defendants Trustifi Corporation ("Trustifi"), Authentidate Holding Corp. ("Authentidate"),[1] and United States Postal Service ("USPS").

Defendant Trustifi advertises and provides an email authentication service called Trustifi

---

[1] Plaintiff filed a request for the Clerk to enter Authentidate's default on May 16, 2011 [Dkt. No. 14]. Default was entered on the same day [Dkt. No. 17]. On July 27, 2011, Plaintiff filed a notice of voluntary dismissal with prejudice as to Authentidate [Dkt. No. 32].

**O** / Link to doc. # 25

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2118 PSG (SHx) | Date | October 11, 2011 |
|---|---|---|---|
| Title | *RPost Holdings, Inc. v. Trustifi Corp., et al.* | | |

Postmarked Email ("TPE").  Trustifi claims that TPE allows users to prove when emails were sent, delivered, and received.  (Compl. ¶ 2.)  Trustifi represents that TPE can be used as a replacement product for USPS Certified Mail and other similar services offered by private couriers.  (*Id.* ¶ 11(e).)  Notwithstanding these advertising claims, Plaintiff alleges that Trustifi cannot provide proof that an email message was delivered to or received by the intended recipient.  (*Id.* ¶ 13.)  Plaintiff points out that in connection with a related patent infringement lawsuit, Trustifi has asserted that TPE only proves that a sender *sent* an email, not whether a recipient received or read the email.  (*Id.*)

   Plaintiff alleges that USPS authorizes Authentidate to provide USPS's Electronic Postmark® ("EPM"), a product that provides proof of when an email was sent to third parties.  (*Id.* ¶¶ 14, 16.)  Entities such as Trustifi license EPM from Authentidate, a licensee of USPS.  (*Id.*)  Based on this relationship, Plaintiff alleges that when Trustifi makes its false and misleading statements, it is "acting as the actual agent of both Authentidate and USPS."  (*Id.* ¶ 16.)  Plaintiff contends that Trustifi has "entered into a formal strategic alliance with USPS through which USPS has designated Trustifi as an authorized [EPM] provider."  (*Id.*)  Even if no actual agency relationship exists between Trustifi, and Authentidate, and USPS, Plaintiff alleges that Trustifi "has apparent authority from both Authentidate and USPS" to make false and misleading statements regarding its email verification services.  (*Id.* ¶ 17.)

   On June 20, 2011, Defendant USPS filed a motion to dismiss [Dkt. No. 25].  USPS's motion seeks dismissal of Count I (Lanham Act violation) under Federal Rule of Civil Procedure 12(b)(6), and because Plaintiff failed to plead agency with particularity under Rule 9(b).  USPS seeks dismissal with prejudice of Counts II and III (FAL and UCL violations) pursuant to Rules 12(b)(1), 12(b)(6), and 9(b).

   On August 29, 2011, Plaintiff opposed USPS's motion [Dkt. No. 33].  On September 2, 2011, USPS filed its reply [Dkt. No. 34].  The Court took the matter under submission on September 15, 2011 [Dkt. No. 35].

II.  <u>Legal Standard</u>

**O** / Link to doc. # 25

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2118 PSG (SHx) | Date | October 11, 2011 |
|---|---|---|---|
| Title | *RPost Holdings, Inc. v. Trustifi Corp., et al.* | | |

    A.    <u>Rule 12(b)(6)</u>

    Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief is a context-specific task requiring the Court to draw on its judicial experience and common sense. *Id.*

    B.    <u>Rule 9(b)</u>

    To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), allegations of fraud must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Namely, allegations of fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A plaintiff must allege particular facts explaining the circumstances of the fraud, "including time, place, persons, statements made[,] and an explanation of how or why such statements are false or misleading." *Baggett v. Hewlett-Packard Co.*, 582 F. Supp. 2d 1261, 1265 (C.D. Cal. 2007). The circumstances of the alleged fraud must be specific enough "to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted).

    Under Rule 9(b), a plaintiff must plead each of the elements of a fraud claim with particularity, i.e., a plaintiff "must set forth more than the neutral facts necessary to identify the transaction." *Cooper v. Pickett*, 137 F.3d 616, 625 (9th Cir. 1997) (emphasis in original). Fraud claims must be accompanied by the "who, what, when, where, and how" of the fraudulent

**O** / Link to doc. # 25

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2118 PSG (SHx) | Date | October 11, 2011 |
|---|---|---|---|
| Title | *RPost Holdings, Inc. v. Trustifi Corp., et al.* | | |

conduct charged. *Vess*, 317 F.3d at 1106. A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). While statements of the time, place, and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient. *Id.*

III.  Discussion

USPS argues that the Lanham Act false advertising claim should be dismissed because where Plaintiff seeks to hold USPS vicariously liable under an agency theory for a claim rooted in deception, the agency allegations must be pleaded with particularity. USPS contends that the agency theory is a legal conclusion unsupported by factual allegations. USPS further argues that the government cannot be held liable based on "apparent authority," and even if it could, Plaintiff fails to plead facts consistent with its apparent authority argument. With respect to the California FAL and UCL claims, USPS argues that the Court lacks subject matter jurisdiction because Plaintiff did not name the proper party and has not complied with the Federal Tort Claims Act ("FTCA"). USPS also contends that there can be no vicarious liability for false advertising or unfair competition under §§ 17500 and 17200, respectively.

Plaintiff disagrees with each one of these contentions. Specifically, Plaintiff argues that agency need not be alleged with particularity, its apparent authority claim against USPS is proper, the FTCA does not apply, and USPS can be liable under California's FAL and UCL as an agent.

    A.    The Lanham Act Claim as to USPS is Deficient

        1.    Applicability of Rule 9(b)

Although the Ninth Circuit has not addressed whether false advertising claims under the Lanham Act must be pleaded with particularity, several district courts in this circuit have so held. *EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1085 (C.D. Cal. 2010) (applying Rule 9(b) to Lanham Act false advertising claims); *Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-02066 SI, 2010 WL 5141843, *7 (N.D. Cal. Dec. 13, 2010) (same); *Architectural Mailboxes, LLC v. Epoch Design, LLC*, No. 10-cv-974 DMS (CAB), 2011 WL 1630809, *5 (S.D. Cal. Apr. 28, 2011) (same); *VIP Prods., LLC v. Kong Co. LLC*, No.

**O** / Link to doc. # 25

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2118 PSG (SHx) | Date | October 11, 2011 |
|---|---|---|---|
| Title | *RPost Holdings, Inc. v. Trustifi Corp., et al.* | | |

CV10–0998–PHX–DGC, 2011 WL 98992 (D. Ariz. Jan.12, 2011); *Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.*, 642 F. Supp. 2d 1112, 1123–24 (C.D. Cal. 2009). The Ninth Circuit has applied Rule 9(b) to other types of false advertising claims, suggesting that this rule also applies to false advertising claims under the Lanham Act. *See Architectural Mailboxes*, 2011 WL 1630809 at *5 (collecting cases). Accordingly, the Court concludes that Rule 9(b) applies to Plaintiff's false advertising claim under the Lanham Act.

      2.      <u>Plaintiff's Lanham Act Claim</u>

"To satisfy the heightened pleading requirements of Rule 9(b), a plaintiff must allege the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Kilopass Tech.*, 2010 WL 5141843 at *7 (internal quotation marks omitted). Here, Plaintiff does not allege any false representations by USPS. Plaintiff merely alleges that Trustifi made false statements about TPE's capabilities, and Trustifi is an actual agent of USPS because Trustifi has formed a "strategic alliance" with USPS. (Compl. ¶ 16.) Plaintiff bases this allegation on the fact that Trustifi advertises USPS's EPM product on its website. (*Id.*) These allegations suggest that Plaintiff seeks to hold USPS vicariously liable under an agency theory. Indeed, Plaintiff confirms as much in its opposition. *Opp'n* at 2:14-17.

The fact that Plaintiff is proceeding under an agency theory does not absolve Plaintiff of the Rule 9(b)'s requirement to explain USPS's role in the false statements. Asserting that Trustifi is an agent of USPS is a legal conclusion. Plaintiff has not alleged any facts to support its false-advertising-agency theory, let alone pleaded this theory with particularity. *See Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (affirming dismissal of fraud-based claim where complaint contained general allegations of "defendants," but attributed specific misconduct to only two defendants; conclusory allegations that other defendants knew of false statements and/or were acting as agents of two defendants were insufficient under Rule 9(b) as a matter of law); *Buchanan v. Neighbors Van Lines*, No. CV 10-6206 PSG (RCx), 2010 WL 4916644, *3 (C.D. Cal. Nov. 29, 2010) (dismissing claim where plaintiff failed to plead elements of agency relationship, including: "(1) that the agent or apparent agent holds power to alter legal relations between [the] principal and third persons and between [the] principal and himself; (2) that the agent is a fiduciary with respect to matters within [the] scope of [the] agency; and (3) that the principal has right to control [the] conduct of [the] agent with respect to matters entrusted to him.").

**O** / Link to doc. # 25

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-2118 PSG (SHx) | Date | October 11, 2011 |
|---|---|---|---|
| Title | *RPost Holdings, Inc. v. Trustifi Corp., et al.* | | |

    Plaintiff contends that Rule 9 does not apply to its allegations of agency. *Opp'n* at 2. Plaintiff points to the language of Rule 9, which does not mention agency allegations. This argument ignores the purpose of Rule 9, which is to give fair notice of fraud-based claims so a defendant may respond accordingly. Because Plaintiff's false advertising claim is based on allegations of false and misleading statements, it is rooted in fraud and it must therefore be pleaded with particularity. Part of Plaintiff's false advertising claim hinges on the allegation that Trustifi acted as an agent of USPS, and USPS is therefore on the hook for the false statements. Regardless of what theory Plaintiff uses to implicate USPS, because Rule 9(b) applies to the underlying claim, Plaintiff must plead all facts necessary to support the claim with particularity, including facts explaining USPS's role as a principal in the deception.

    Plaintiff's allegation that USPS was in a formal strategic alliance with Trustifi based on the fact that Trustifi is an authorized EPM provider is insufficient. Plaintiff does not explain what being an authorized EPM provider has to do with Trustifi's false statements, nor does Plaintiff allege any of the elements of an agency relationship. Thus, USPS's motion is granted as to the Lanham Act claim and this claim as against USPS is dismissed without prejudice.

    Plaintiff's claim is not saved by its alternative theory of apparent authority. While none of the cases cited by USPS or Plaintiff are relevant here,[2] even assuming Plaintiff may rest its Lanham Act claim on a theory of apparent authority, which is doubtful, Plaintiff has not alleged any facts in support of this theory. "Apparent authority, which generally will not suffice to bind the government, arises when a principal causes a third party to believe, correctly or not, that the principal has authorized the agent to engage in particular conduct." *Thomas v. I.N.S.*, 35 F.3d 1332, 1339 (9th Cir. 1994). Plaintiff makes no attempt to explain how USPS caused third parties to believe that USPS authorized Trustifi to engage in false and misleading statements.

    B.    <u>Plaintiff's State Law Claims Fail as A Matter of Law</u>

    Plaintiff's false advertising and unfair competition claims hinge on Trustifi's allegedly false statements. Accordingly, the foregoing analysis regarding Rule 9(b) applies with equal

---

[2] The cases cited by USPS discuss whether the United States may be sued where a government employee makes statements beyond his or her actual authority. *Mot.* at 10-11. The cases cited by Plaintiff also deal with actual employees or agents of the government, not non-governmental third parties alleged to act on apparent authority of the government. *Opp'n* at 5-6.

**O** / Link to doc. # 25

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2118 PSG (SHx) | Date | October 11, 2011 |
|---|---|---|---|
| Title | *RPost Holdings, Inc. v. Trustifi Corp., et al.* | | |

force here. Setting aside these pleading deficiencies, however, Plaintiff's state law claims must be dismissed with prejudice as a matter of law.

    1.    <u>Exhaustion of Administrative Remedies under the FTCA</u>

As an initial matter, it is unclear whether Plaintiff was required to exhaust administrative remedies under the FTCA in order to bring its FAL and UCL claims. USPS is correct that a party may not maintain an action under the FTCA until it first presents the claim to the appropriate federal agency. *Mot.* at 14. It is also true that the FTCA only applies to the commencement of a *tort* suit. 28 U.S.C.§ 2675(a).

However, the Court is unconvinced that UCL and FAL claims brought under §§ 17200 and 17500, respectively, are tort claims encompassed by the FTCA.[3] While the Court was unable to find a case analyzing this issue, cases mentioning the statutes in passing vary in their characterizations thereof. For example, in some cases, UCL claims are referred to as being distinct from torts, while in others they are likened to having civil tort liability or referred to as statutory torts. *Compare Flamingo Indus. (USA) Ltd. v. U.S. Postal Service*, 302 F.3d 985, 995-97 (9th Cir. 2002), *rev'd on other grounds by* 538 U.S. 1056 (2003) (considering whether breach of implied covenant claim was properly exhausted under the FTCA, but performing no similar analysis for a section 17200 claim); *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1266-67 (1992) ("In drafting the act, the Legislature deliberately traded the attributes of tort law for speed and administrative simplicity. As a result, to state a claim under the [UCL] one need not plead and prove the elements of a tort.") (internal quotation marks omitted); *Cortez v. Purolator*

---

[3] If they are tort claims, then USPS is an improper party defendant. *See Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998) ("Because the United States is the only proper party defendant in an FTCA action, the district court correctly dismissed [plaintiff's] complaint as improperly filed against the Postal Service and [another defendant]. The FTCA is the exclusive remedy for tort actions against a federal agency, and this is so despite the statutory authority of any agency to sue or be sued in its own name.) (citing 28 U.S.C. § 2679(a) (1998)). *See also Dolan v. U.S. Postal Service*, 546 U.S. 481, 484 (2006) ("Although the Postal Reorganization Act generally waives the immunity of the Postal Service from suit by giving it the power to sue and be sued in its official name, the statute also provides that the FTCA shall apply to tort claims arising out of activities of the Postal Service[.]") (internal citations and quotations omitted).

CV-90 (06/04)      **CIVIL MINUTES - GENERAL**      Page 7 of 9

**O** / Link to doc. # 25

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2118 PSG (SHx) | Date | October 11, 2011 |
|---|---|---|---|
| Title | *RPost Holdings, Inc. v. Trustifi Corp., et al.* | | |

*Air Filtration Products Co.*, 23 Cal. 4th 163, 173 (2000) (A section 17200 claim "is not an all-purpose substitute for a tort or contract action.") *with Rubin v. Green*, 4 Cal. 4th 1187, 1201 (1993) (where conduct falls under a statutory litigation privilege, and is thus "absolutely immune from civil tort liability," "[t]o permit the same . . . acts to be the subject of an injunctive relief proceeding brought by this same plaintiff under the [UCL] undermines that immunity."); *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 335 (2011) ("While Proposition 64 clearly was intended to abolish the portions of the ;13706;13706UCL and ;13708;13708false ;13709;13709advertising law that made suing under them *easier* than under other comparable statutory and common law ;13725;13725torts, it was not intended to make their standing requirements comparatively *more* onerous.") (emphasis in original).[4]

The Court need not resolve the issue of whether sections 17200 and 17500 are torts triggering the administrative exhaustion requirements under the FTCA because the Court finds these claims should be dismissed on other grounds.

        2.        <u>Vicarious Liability under §§ 17200 and 17500</u>

USPS argues that there is no vicarious liability under sections 17200 and 17500. *Mot.* at 15. In support of this argument, USPS cites *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002). In *Emery*, plaintiffs received deceptive solicitations from lotteries that accepted payment by Visa and displayed Visa's logo on their solicitation materials. Visa did not participate in the lotteries, but merely licensed its payment system and allowed usage of its logo where Visa was accepted. Plaintiffs brought §§ 17200 and 17500 claims against Visa for Visa's failure to stop lottery merchants from using the Visa mark, which allegedly led to the implication that statements in the solicitations were true. The California Court of Appeal made clear that "[a] defendant's liability must be based on his personal participation in the unlawful practices and unbridled control over the practices that are found to violate sections 17200 or 17500." *Id.* at 960. The court concluded "there can be no civil liability for unfair practices" where the defendant "played no part in preparing or sending any 'statement' that might be construed as untrue or misleading under the unfair business practices statutes." *Id.* at 964.

---

[4] The Court finds *Toho Co. Ltd. v. Sears Roebuck & Co.*, 645 F.2d 788, 793-94 (9th Cir. 1981), cited by USPS, to be unhelpful because it references the plaintiff's claims in the context of the former unfair competition tort.

**O** / Link to doc. # 25

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2118 PSG (SHx) | Date | October 11, 2011 |
|---|---|---|---|
| Title | *RPost Holdings, Inc. v. Trustifi Corp., et al.* | | |

The Court agrees that this case is analogous to the present situation. Here, Trustifi licensed permission to use USPS's EPM logo on its website, and it was Trustifi who made the statements alleged by Plaintiff to be false. Plaintiff does not allege that USPS made any such statements. Instead, Plaintiff seeks to hold USPS vicariously liable for Trustifi's statements. In opposition, Plaintiff questions the language in *Emery*, but the cases cited by Plaintiff in support are irrelevant to the present facts. As USPS points out, the principle adopted in *Emery*, rejecting a theory of vicarious liability in §§ 17200 and 17500 claims, has also been applied by numerous federal courts. *Mot.* at 8 (citing *Kenneally v. Bank of Nova Scotia*, 711 F. Supp. 2d 1174, 1192-93 (S.D. Cal. 2010); *Laster v. T-Mobile USA, Inc.*, No. 05-1167, 2009 WL 4842801, *8 (S.D. Cal. Dec. 14, 2009); *In re Jamster Mktg. Litig.*, No. 05-cv-0819 JM, 2009 WL 1456632, *8-9 (S.D. Cal. May 22, 2009); *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, No. C 04-0371 JW, 2004 WL 1773349, *8 (N.D. Cal. Aug. 5, 2004)).

Because Plaintiff does not suggest these claims can be premised on anything other than vicarious liability, and because this theory is untenable as a matter of law, Plaintiff's second and third causes of action are dismissed with prejudice.

IV.     Conclusion

For the foregoing reasons, the Court GRANTS USPS's motion to dismiss. Plaintiff's Lanham Act claim is dismissed without prejudice. The Court grants Plaintiff leave to amend this claim until October 25, 2011. Failure to amend by this date will result in dismissal of the case as to USPS. Plaintiff's FAL and UCL claims are dismissed with prejudice.

**IT IS SO ORDERED.**